1

2

**UNITED STATES DISTRICT COURT**

3

**DISTRICT OF NEVADA**

4

5

6

7

8

9

10

| | |
|---|---|
| Harold Edwards, | ) |
| | ) |
| Plaintiff, | )   Case No.: 2:20-cv-01634-GMN-BNW |
| vs. | ) |
| | )   **ORDER** |
| William Hutchings *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |

11    Pending before the Court is the Motion for Default Judgment, (ECF No. 17), filed by

12  Plaintiff Harold Edwards ("Plaintiff").  Defendants William Hutchings and Charles Daniels

13  (collectively, "Defendants") filed a Response, (ECF No. 19), and Plaintiff did not file a reply.

14    Also pending before the Court is Defendants' Motion for Sanctions, (ECF No. 21).

15  Plaintiff did not file a response.

16    For the reasons discussed below, the Court **DENIES** Plaintiff's Motion for Default

17  Judgment and **DENIES** Defendants' Motion for Sanctions.

18  **I.    BACKGROUND**

19    This case arises out of Plaintiff's complaints under 42 U.S.C § 1983 about his living

20  conditions at the Nevada Department of Correction's ("NDOC") Southern Desert Correctional

21  Facility ("SDCC"). (*See generally* Compl., ECF No. 1-1).  Specifically, Plaintiff alleges that his

22  cell's lack of smoke detectors, fire sprinklers, and operable emergency summons buttons

23  amounts to unconstitutional conditions of confinement in violation of the Eighth Amendment's

24  prohibition against cruel and unusual punishment. (*Id.* at 3–4).

25

On June 7, 2021, the Court stayed this case for 90 days to allow for mediation proceedings. (Screening Order 6:11–25, ECF No. 5).  On August 20, 2021, Plaintiff and Defendants participated in an early mediation conference, although a settlement was not reached. (Mins. Proceedings, ECF No. 11).  The Court lifted the stay of this action on August 30, 2021, and provided the Attorney General's Office with 21 days to file its Acceptance of Service and 60 days to file Defendants' Answer. (Order 2:13–22; 3:1–3; 3:18, ECF No. 12). The Attorney General's Office subsequently accepted service on behalf of Defendants on September 16, 2021, and filed an Answer to Plaintiff's Complaint on November 1, 2021. (*See* Acceptance of Service, ECF No. 14); (Answer, ECF No. 18).

On October 22, 2021, Plaintiff filed the present Motion for Default Judgment against Defendants, alleging that Defendants failed to timely respond to this Court's August 30, 2021 Order. (*See* Mot. Default J. at 1:20–2:4, ECF No. 17).  In response, Defendants filed their Motion for Sanctions, alleging that Plaintiff's Motion for Default Judgment is frivolous. (*See* Mot. Sanctions 3:10–5:3, ECF No. 21).

## II.   LEGAL STANDARD

### A.   Default Judgment

Obtaining a default judgment is two-step process governed by Rule 55 of the Federal Rules of Civil Procedure ("FRCP"). *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  First, the moving party must seek an entry of default from the clerk of court. Fed. R. Civ. P. 55(a).  This entry of default is only appropriate when a party "has failed to plead or otherwise defend." *Id.* Additionally, the FRCP 55(a) advisory note indicates that it is inappropriate to enter a default against a party who has indicated their intent to defend. *See* Fed. R. Civ. P. 55(a).  After the clerk of court enters the default, a party must then separately seek entry of default judgment from the court in accordance with Rule 55(b).  Upon entry of a clerk's default, the court takes the factual allegations in the complaint as true.

In determining whether to grant default judgment, courts are guided by the following seven factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong public policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

### B.  Sanctions

Federal Rule of Civil Procedure 11(b) provides, in relevant part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1)  it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2)  the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3)  the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b). An attorney is subject to sanctions for violating the requirements of Rule 11(b). Fed. R. Civ. P. 11(c); *see Holgate v. Baldwin*, 425 F.3d 671, 675–76 (9th Cir. 2005).

## III.  DISCUSSION

### A.  Plaintiff's Motion for Default Judgment

Plaintiff argues that this Court should enter default judgment against Defendants because the Attorney General's Office failed to timely file their notice of Acceptance of Service and the

1   Answer. (Mot. Default J. 1:20–26).[1]  In response, Defendants claim that both the Acceptance of

2   Service and Answer were timely filed. (Resp. 2:2–4, ECF No. 19).  Further, Defendants argue

3   that they have otherwise appeared and indicated their indent to defend this matter by

4   participating in the early mediation process. (*Id.* 2:10–14; 3:5–9).

5        As an initial matter, Plaintiff moved the Court for default judgment without first seeking

6   an entry of default from the Clerk of Court under Rule 55(a).  As such, Plaintiff has not met the

7   requirements for a default judgment, and his Motion is denied. *See, e.g.*, *Vongrabe v. Sprint*

8   *PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004) ("entry of default by the clerk is a

9   prerequisite to an entry of default judgment").

10       However, even if the clerk had entered default against Defendants, the Court would still

11  not be inclined to grant a default judgment.  As demonstrated by the docket in this case, the

12  Court's Order on August 30, 2021, gave the Attorney General's Office 21 days to file a notice

13  of Acceptance of Service and 60 days to file Defendants' Answer. (Order 2:13–22; 3:1–3, ECF

14  No. 12).  The Attorney General's Office filed its Acceptance of Service on behalf of both

15  Defendants on September 16, 2021, which was well within 21 days of August 30, 2021.

16  (Acceptance of Service, ECF No. 14).  Though the 60-day deadline expired on October 29,

17  2021, and Defendants untimely filed their Answer on November 1, 2021, it would still be

18  inappropriate to grant default judgment because Defendants had already indicated their intent to

19  defend against Plaintiff's allegations by participating in mediation and filing other pleadings.

20  *See, e.g.*, *Renfro v. Anderson*, No. 2:29-cv-00001-JAM-JDP, 2021 WL 363681, at *3 (E.D. Cal.

21  _____

22  [1] Plaintiff erroneously styles his Motion for Default Judgment as one under FRCP 42(a)(4)(A) and 7(a), rather
    than FRCP 55.  However, the Court is obligated to hold a pro se litigant to a different standard than a party who
    is represented by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The pleadings of a pro se litigant are "to
23  be liberally construed" and "however inartfully pled, must be held to less stringent standards than formal
    pleadings drafted by lawyers." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)).  However, the pro se litigant
24  "should not be treated more favorably" than the party who is represented by counsel. *Jacobsen v. Filler*, 790
    F.2d 1362, 1364 (9th Cir. 1986).  Therefore, even though Plaintiff invokes FRCP 42(a)(4)(A) and 7(a) in his
25  Motion, the Court construes his Motion as one under FRCP 55.

Feb. 2, 2021) (declining to enter default judgment where the defendant had "manifested his intent to defend against [the] plaintiff's claims").  Accordingly, the Court denies Plaintiff's Motion for Default Judgment.

        **B.**       **Defendants' Motion for Sanctions**

Defendants argue that this Court should sanction Plaintiff because his Motion for Default Judgment was clearly frivolous and presented false and misleading claims. (*See* Mot. Sanctions 3:11–12, ECF No. 21).  Defendants explain that Plaintiff filed his Motion for Default Judgment on October 22, 2021, which was after Defendants had filed their Acceptance of Service and before the 60-day period provided by the Court's August 30, 2021, Order had even expired. (*Id.* 3:12 –13).  Defendants conclude that Plaintiff attempted to commit a fraud upon the Court. (*Id.* 3:14–15).

The Court does not find it appropriate to sanction Plaintiff for filing the Motion for Default Judgment.  Plaintiff is a *pro se* litigant proceeding in forma pauperis ("IFP"), and thus the Court finds it more likely that Plaintiff misunderstood the FRCP and substantive law rather than intended to commit a fraud on the Court.  This is evidenced both by Plaintiff's inaccurate reference to FRCP Rules 42(a) and 7(a) as the basis for his Motion, and Plaintiff's failure to meet the entry of default requirement.  Moreover, Plaintiff's Motion was not completely meritless as Defendants argue because Defendants did fail to timely file their Answer to the Complaint, as Plaintiff claimed. (*See supra* Section III.A).  Accordingly, Defendants' Motion for Sanctions is denied.

//

//

//

//

//

IV.   **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment, (ECF No. 17), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Sanctions, (ECF No. 21), is **DENIED.**

**DATED** this __29__ day of June, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT